**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4566

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS LEE FERGUSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-03-281-BO)

Submitted: August 15, 2005          Decided: October 11, 2005

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Windy C. Venable, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Travis Lee Ferguson challenges his 46-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon.[1]  On appeal, Ferguson argues that his sentence was unconstitutional under United States v. Blakely, 542 U.S. 296 (2004).  We find no plain error, and thus, we affirm.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applies to the federal sentencing guidelines and that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment.  125 S. Ct. at 746-48, 755-56. Ferguson contends that his sentence runs afoul of Blakely for two reasons: (1) his base offense level was calculated on the basis of a prior controlled substance offense, while the indictment charged only a prior felony, and (2) the court enhanced his sentence for possession of the firearm in connection with another felony, facts that were neither charged nor admitted.  Because Ferguson did not raise these claims below, review is for plain error.  United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005).

Regarding the prior controlled substance offense, under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), a sentence may be

---

[1]In his plea agreement, Ferguson waived his right to appeal. However, the Government's motion to dismiss based on the waiver was filed over seven months after briefing was completed. Accordingly, the motion is denied as untimely.

enhanced based on the <u>fact of</u> a prior conviction. However, when the sentencing court looks "beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial court to determine a fact <u>about</u> a prior conviction," then the finding has gone too far afield from the prior judicial record and falls outside the <u>Apprendi</u> exception to the <u>Booker</u> holding. <u>United States v. Collins</u>, 412 F.3d 515, 521-22 (4th Cir. 2005). Ferguson was previously convicted of possession with intent to sell and deliver cocaine. The district court did not need to make any factual findings about this conviction to conclude that it was a controlled substance offense, within the definition of <u>U.S. Sentencing Guidelines Manual</u> § 2K2.1(a)(4) (2003). <u>See</u> <u>Collins</u>, 412 F.3d at 515. Therefore, the enhancement of Ferguson's offense level under § 2K2.1 was within the <u>Apprendi</u> exception and did not violate the Sixth Amendment.

Turning to the firearm enhancement, Ferguson's offense level would have been 20 without the enhancement. Because Ferguson was in criminal history category III, his guideline range would have been 41 to 51 months.[2] Thus, Ferguson's 46-month sentence did not exceed the maximum sentence allowed based on the facts he

---

[2]While Ferguson did receive a reduction for acceptance of responsibility, when determining if <u>Booker</u> error occurred, this court looks to the guideline range before any reduction for acceptance of responsibility. <u>See</u> <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

admitted.  Therefore, Ferguson has failed to show plain error.  <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (outlining requirements for showing plain error in <u>Booker</u> context).

Accordingly, we affirm Ferguson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>